IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| HOWARD M. CASE | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:08cv985WJG |
| PHILLIPS 66 COMPANY, *ET AL.* | DEFENDANTS |
| | |
| JOHN LEE BROWN | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:08cv1049WJG |
| PHILLIPS 66 COMPANY, *ET AL.* | DEFENDANTS |

MEMORANDUM OPINION

THIS CAUSE comes before the Court on motions of the Plaintiffs, Howard M. Case [8], and John Lee Brown [8], in their respective cases to remand the above referenced action to the Circuit Court of Jones County, Mississippi. Because the cases are so similar factually, the Court will treat these cases as a group to expedite consideration of the remand motions[1]. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes that the motions are well taken and should be granted.

The second amended complaint in these suits were filed on or about March 14, 2006, seeking damages for alleged injuries caused by exposure to asbestos containing products. (Ct.

---

[1]The docket references specified herein apply to the Case lawsuit; however, each of these cases contain the same allegations and arguments in documents filed by the parties in their respective cases, and the docket numbers in the Brown case are nearly identical to those cited for the Case civil action..

R., Doc. 1-2.)  Plaintiffs' claims are based on Mississippi common law causes of action including negligence; willful and/or negligent infliction of emotional distress; strict liability in tort; and product liability, which includes a claim for failure to warn.  (Ct. R., Doc. 1-2, pp. 5-8.)  The cases were originally filed on or about May 19, 2004, and were part of multi-plaintiff litigation which were severed, transferred or dismissed without prejudice in Mississippi state court actions.  (Ct. R., Doc. 8, p. 19.)

According to the Defendants, the only "proper" defendants remaining in these cases are Union Carbide Corporation [Union Carbide], ConocoPhillips Company [ConocoPhillips], and Montello, Inc. [Montello].  (Ct. R., Doc. 10, pp. 17-18.)  Defendants claim that Mississippi Mud, Inc., [Mississippi Mud] and Oilfield Service and Supply Company, Inc., [Oilfield Service] were added as defendants to defeat jurisdiction in these cases.  (Ct. R., Doc. 1, pp. 7-11; Doc. 10, pp. 17-18.)  Defendants argue that because Mississippi Mud was a sham defendant, Plaintiffs deprived Defendants of their right to removal, and should provide for the waiver of the one-year limit of 28 U.S.C. § 1446(b) on removals.  (Ct. R., Doc. 10, pp. 8, 10.)

Defendants maintain that the removal was timely, because Oilfield Service filed a motion for summary judgment which establishes, according to the removing defendants, that Oilfield Service was not a mud company and never supplied asbestos-drilling mud additives to drilling rig operations.  (Ct. R., Doc. 1, pp. 10-11.)  Defendants claim that the one-year limitation on removals should be tolled because of Plaintiffs' conduct.  (*Id.*, p. 14.)  Defendants contend that Plaintiffs had no intention of pursuing claims against either Mississippi Mud or Oilfield Service as evidenced by the fact that no effort was made to serve process on Mississippi Mud and Plaintiffs' failure to amend to add the proper party to the suit instead of Mississippi Mud.  (*Id.*,

pp. 14-15.)  They contend that Plaintiffs failed to prosecute their respective case against Oilfield Service by not requiring that entity to respond to written discovery requests, or requests for the production of documents.  (*Id*.)   Defendants also contend that Plaintiffs never took the deposition of Oilfield Service, nor did they develop testimony from any witnesses who were deposed regarding Oilfield Service.  (*Id*.)

Defendants allege that no recovery against Mississippi Mud can be had because Mississippi Mud never supplied asbestos in any form for use as an additive for the drilling industry.  As a result, Mississippi Mud was dismissed as a defendant in these cases on March 13, 2008.  (Ct. R., Doc. 3-3, pp. 40, 44.)  Defendants further assert that Oilfield Service filed a motion for summary judgment in this case in which it contends that it never delivered asbestos to drilling rigs.  (Ct. R., Doc. 1, p. 10.)  Defendants state that Oilfield Service was improperly joined in this case and its citizenship should be disregarded for jurisdictional purposes.  (*Id*., p. 11.)

Defendants claim that the other paper allowing the removal of this case was the motion for summary judgment.  (*Id*.)  The 30-day limit on removal was met, according to Defendants, because the summary judgment motion was filed September 4, 2008, and the removal notice was filed on September 25, 2008.  (*Id*.)  These Plaintiffs identified Oilfield Service as a distributor of asbestos drilling mud additives in their respective depositions dated December 7, 2007, or in their  responses to interrogatories.  (Ct. R., Doc. 7, p. 12, Doc. 7-8, p. 41; 1:08cv1049, Doc. 8-6, pp. 41-60.)  Plaintiffs contends that this evidences that they did develop testimony concerning Oilfield Service's potential liability in this case.  (Ct. R., Doc. 7, p. 13.)

Plaintiffs state that no manipulative action was taken to ensure that Defendants could not remove the case until beyond the one-year limitation period under the statute. (Ct. R., Doc. 7, p. 1.) Plaintiffs argue that the fraudulent and manipulative conduct must have occurred during the first year of removability to allow for the removal of a case beyond the one-year time limitation. (*Id.*, p. 6.) Plaintiffs further argue that there was no "other paper" creating the removability of this case filed within 30 days of the removal in this case. (*Id.*, p. 11.)

## Discussion

Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Defendants assert that the Mississippi defendants in this case were fraudulently joined to defeat diversity jurisdiction and in an attempt to manipulate the forum in this case. (Ct. R., Doc. 1, pp. 1, 6-11.) To establish that non-diverse defendants were fraudulently joined to defeat diversity, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003).

A removing defendant bears a heavy burden of proving fraudulent joinder by clear and convincing evidence. *Blackwell v. Metropolitan Life Ins. Co.*, 190 F. Supp. 2d 911, 914 (S.D. Miss. 2001). To successfully prove a non-diverse defendant has been fraudulently joined, the removing party must demonstrate that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. *Great Plains Trust*

*Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).  In conducting this inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff".  *Travis,* 326 F.3d at 649; *Culpepper v. Double R, Inc.*, 269 F. Supp.2d 739, 741 (S.D. Miss. 2003).  In addition, the court must resolve all ambiguities of state law in favor of remand.  *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The timeliness of removal in a civil case is governed by section 1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

This case was removed on the basis of diversity on September 26, 2008.  (Ct. R., Doc. 1, p. 1.)  As previously stated, this case was originally filed on March 6, 2006, following the severance of the case from the case filed in 2004.   (Ct. R., Doc. 3-3, p. 49.)   Thus, the one-year limit mentioned above applies in this case.  The case was removed well beyond one year following the filing of the case.

The Court is aware that this time requirement is subject to equitable tolling. Tolling would come into play when the plaintiff acts in such a manner that the defendants' rights to removal are frustrated. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 n.10 (5th Cir. 2003). (Ct. R., Doc. 1, p. 5.) The cases proceeded through state court and in March 2008, one of the non-diverse defendants, Mississippi Mud, was dismissed from the case. Clearly at that time if Defendants thought that the remaining in-state defendant was a "sham" defendant, removal would be warranted based on Defendants' current arguments that joinder of the in-state defendants was a act of forum manipulation on the part of the Plaintiffs.

Oilfield Service's motion for summary judgment certainly was not a voluntary act by the Plaintiffs, as required to trigger the "other paper" basis for removal, in dismissing the non-diverse defendant. In fact, it remains to be determine whether the motion for summary judgment will be decided favorably to Oilfield Service. *See Addo v. Globe Life and Acc. Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000). The state court is capable of determining the outcome of the motion for summary judgment in this case.

Further, the Court finds no evidence that Plaintiffs joined the resident defendants without intending to prosecute claims against those defendants, or solely for the purpose of defeating federal jurisdiction. *See Davis v. Merck & Co.*, 357 F. Supp. 2d 974 (E.D. Tex. 2005). Plaintiffs engaged in discovery and attempted to prosecute their case against the resident defendant up until the time of removal of this case. Accordingly, in the absence of any inequitable conduct on the part of Plaintiffs in this case, the Court finds that the motion to remand should be granted. Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

Conclusion

For the aforementioned reasons, the Court finds that the motions of Plaintiffs, Howard M. Case [8], and John Lee Brown [8], to remand these cases to the Circuit Court of Jones County, Mississippi, should be granted. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with these motions.

THIS the 25th day of November, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE